## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

_____
                                                    :
JURANDIR DESOUZA,                                   :        CASE NO.
        Plaintiff,                                  :
                                                    :
v.                                                  :
                                                    :
PENSKE AUTOMOTIVE GROUP, INC.;                      :
UAG FAIRFIELD CP, LLC d/b/a PORSCHE                 :
OF FAIRFIELD, and CAR UNI CT FAIR, LLC,             :        MARCH 28, 2019
        Defendants.                                 :
_____             :

## PETITION FOR REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF

CONNECTICUT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the Defendants, Penske Automotive

Group, Inc. ("PAG"); UAG Fairfield CP, LLC d/b/a Porsche of Fairfield ("UAG"), and Car Uni

CT Fair, LLC ("Car Uni") (together, the "Defendants"), respectfully petition this Court as

follows:

1.      An action was commenced against Defendants in the Superior Court of the State

of Connecticut, Judicial District of Fairfield at Bridgeport, titled *De Souza v. Penske Automotive*

*Group, Inc. et al.*, No. FBT-CV19-6083870-S (the "State Action").  A copy of the Summons and

Complaint is attached hereto as **Exhibit A**.

2.      Service of the Summons and Complaint was first made upon  Defendants, through

their respective agents, on February 27, 2019.  This petition is being filed pursuant to 28 U.S.C.

§ 1446(b)(3), within thirty (30) days of receipt by Defendants of service; the time for filing this

petition has not expired.

3.      Defendants have not served an answer or responsive pleading to the Complaint.

There have been limited proceedings in the State Action.  A copy of the docket sheet is attached hereto as **Exhibit B**.

4.      The Complaint alleges that the Plaintiff, Jurandir Desouza ("Plaintiff") currently resides, and has at all relevant times resided, in the State of Connecticut.  (Complaint, ¶ 1.)

5.      According to the Complaint, each of the Defendants are "foreign" companies. (Complaint, ¶¶ 2-4.)  As reflected in relevant records on file with the Connecticut Secretary of State:

a.  PAG is a Delaware corporation with a principal place of business in Bloomfield Hills, Michigan.

b.  UAG is a Delaware limited liability company; and UAG's sole member, UAG Connecticut I, LLC, is a Delaware limited liability company.  UAG Connecticut I, LLC's majority member, UAG Connecticut, LLC, is a Delaware limited liability company.

c.  Car Uni is a Delaware limited liability company, whose principals/members are residents of McLean, Virginia.

6.      The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.      Based upon the foregoing, the State Action is one that may be removed to this Court pursuant to 28 U.S.C. § 1441, because this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity).

8.      Venue is proper pursuant to 28 U.S.C. § 1391.

9.      Pursuant to 28 U.S.C. § 1446(d), Defendants have on this date notified the Superior Court of the State of Connecticut of the filing of this petition.  A copy of the Notice of Removal filed in Superior Court is attached hereto as **Exhibit C**.

WHEREFORE, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, Defendants request that this action be removed from the Superior Court of the State of Connecticut and henceforth proceed in this Court.

THE DEFENDANTS,
PENSKE AUTOMOTIVE GROUP, INC.,
UAG FAIRFIELD CP, LLC D/B/A PORSCHE
OF FAIRFIELD, AND CAR UNI CT FAIR, LLC

By: */s/ John C. Pitblado*
    James M. Sconzo (ct04571)
    John C. Pitblado (ct25563)
    Jillian R. Orticelli (ct28591)
    CARLTON FIELDS, P.C.
    One State Street, Suite 1800
    Hartford, CT  06103-3102
    Telephone:(860) 392-5000
    Facsimile: (860) 392-5058
    E-mail:    jsconzo@carltonfields.com
           jpitblado@carltonfields.com
           jorticelli@carltonfields.com

    Their Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that, on this 28th day of March, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

I hereby certify that on this 28th day of March, 2019, a copy of the foregoing was served by mail on the following:

SCHNITZLER LAW LLC (439784)
1300 POST ROAD
SUITE 209
FAIRFIELD, CT 06824

*/s/ John C. Pitblado*
John C. Pitblado

4

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259,  P.B. §§ 3-1 through 3-21, 8-1, 10-13

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



**See other side for instructions**

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [x] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* *(C.G.S. §§ 51-346, 51-350)* | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 1061 Main Street, Bridgeport, CT 06604 | ( 203 ) 579-6527 | **March** Month | **12** Day | **2** 019 Year |
| [x] Judicial District    [ ] G.A. [ ] Housing Session    Number: | At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)* **Bridgeport** | Case type code *(See list on page 2)* Major: **T**    Minor: **03** | | |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Schnitzler Law, LLC, 1300 Post Road, Suite 209, Fairfield, CT 06824 | 439784 |
| Telephone number *(with area code)* ( 203 ) 692-4600 | Signature of Plaintiff *(If self-represented)* |
| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  [x] Yes  [ ] No | Email address for delivery of papers under Section 10-13 *(if agreed to)* mark@schnitzlerlaw.com admin@schnitzlerlaw.com  [+] |

| Number of Plaintiffs: **1** | Number of Defendants: **3** | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: **JURANDIR, DESOUZA** Address: **200 Cheesespring Road, Wilton, CT 06897** | P-01 [+] |
| Additional Plaintiff | Name: Address: | P-02 [+] |
| First Defendant | Name: **Penske Automotive Group, Inc., Agent for Service, CT Corporation System** Address: **67 Burnside Avenue, East Hartford, CT 06108** | D-01 [+] |
| Additional Defendant | Name: **UAG Fairfiled CP, LLC, d/b/a Porsche of Fairfield, Agent for Service, CT Corporation System** Address: **67 Burnside Avenue, East Hartford, CT 06108** | D-02 [+] |
| Additional Defendant | Name: **Car Uni CT Fair, LLC, Agent of Service, Corporation Service Company** Address: **50 Weston Street, Hartford, CT 06120** | D-03 [+] |
| Additional Defendant | Name: Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at  www.jud.ct.gov  under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at  www.jud.ct.gov  under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly.  **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | [x] Commissioner of the Superior Court [ ] Assistant Clerk | Name of Person Signing at Left **Mark J. Schnitzler** | Date signed **02/18/2019** |
|---|---|---|---|
| If this Summons is signed by a Clerk: a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | | For Court Use Only File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

[ Print Form ]    [ Reset Form ]

RETURN DATE: MARCH 12, 2019

-------------------------------------------------------------------X

| | | |
|---|---|---|
| JURANDIR DESOUZA, | : | SUPERIOR COURT |
| | : | |
| Plaintiff, | : | JUDICIAL DISTRICT OF |
| | : | FAIRFIELD |
| v. | : | |
| | : | AT BRIDGEPORT |
| PENSKE AUTOMOTIVE GROUP, INC., UAG | : | |
| FAIRFIELD CP, LLC d/b/a PORSCHE OF FAIRFIELD, | : | |
| and CAR UNI CT FAIR, LLC | : | FEBRUARY 22, 2019 |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------------X

## COMPLAINT

### Factual Allegations

1.       Plaintiff, Jurandir DeSouza ("Plaintiff"), was and still is a resident of the State of Connecticut, residing in the Town of Wilton.

2.       Defendant, Penske Automotive Group, Inc. ("Defendant Penske"), is a foreign corporation with a corporate address of 2555 Telegraph Road, Bloomfield Hills, MI and is registered to conduct business in the State of Connecticut.

3.       Defendant, UAG Fairfield CP, LLC, d/b/a Porsche of Fairfield ("Defendant Porsche"), is a foreign limited liability company with a corporate address of 475 Commerce Drive, Fairfield, Connecticut and is registered to conduct business in the State of Connecticut.

4.       Defendant, CAR UNI CT FAIR, LLC is a foreign limited liability company with a corporate address in McLean, Virginia and is registered to conduct business in the State of Connecticut.

5.       Upon information and belief, at all relevant times, Defendant Porsche was a wholly-owned subsidiary of Defendant Penske.

6.       Upon information and belief, Defendant CAR UNI CT FAIR, LLC is the owner / landlord of real property located at 475 Commerce Drive, Fairfield, Connecticut ("Landlord").

1

7.      Upon information and belief, Defendant Porsche operated Porsche of Fairfield ("Dealership") acting as an authorized agent of Defendant Penske and Defendant Penske directed and supervised the operations and affairs of Defendant Porsche, including but not limited to directing, supervising, overseeing and making determinations relative to all of the operations and conduct alleged herein.  (Defendant Penske and Defendant Porsche are collectively referred to herein as "Defendants")

8.      On or about April 29, 2017, Plaintiff was lawfully upon the premises of the Dealership at 475 Commerce Drive, Fairfield, Connecticut ("Premises") which was operated, controlled and/or maintained by Defendants.

9.      On or about April 29, 2017, Plaintiff was injured at the Premises. Plaintiff was standing under an opened vertical garage door ("Garage Door") when that Garage Door abruptly dropped down on and into Plaintiff's head, the force of which caused his neck to be violently forced forward ("Incident").

10.     As a direct and proximate result of the Incident described above, Plaintiff sustained a number of physical and psychological injuries and damages, some of which may be permanent in nature, as further set forth herein.

**First Count:   Negligence against Penske Automotive Group, Inc.**

1-10.   Paragraphs 1-10 are hereby incorporated by reference and made Paragraphs 1-10 of this, the First Count.

11.     Defendants operated, controlled and maintained the Dealership in a careless and/or dangerous manner by failing to inspect, maintain and/or control the Garage Door.

12.     Upon information and belief, Defendants knew or should reasonably have known that the Garage Door was unsafe, was not maintained and/or was improperly maintained and was not properly inspected, despite having knowledge of its dangerous nature.

2

13.     The damages and injuries sustained by Plaintiff were caused by the carelessness and negligence of Defendant Penske in one or more or all of the following ways:

a.     defendant failed to properly maintain the Garage Door;

b.     defendant failed to properly inspect the Garage Door;

c.     defendant failed to properly secure the Garage Door;

d.     defendant knew or should have known that the Garage Door was likely to abruptly dropdown but failed to take proper precautions;

e.     defendant knew or should have known that the Garage Door was not operating properly;

f.     defendant knew or should have known that the Garage Door had previously abruptly dropped down previously;

g.     defendant allowed or permitted said Garage Door to be in a defective condition for some period of time prior to the Incident;

h.     defendant allowed or permitted said Garage Door to be and become dangerous for use;

i.     defendant failed to adequately safe guard customers who were properly and lawfully on the Premises;

j.     defendant allowed the Garage Door to remain in a dangerous condition on the Premises for an unreasonable amount of time prior to the Incident, when a reasonable inspection would or should have uncovered its dangerous propensities;

k.     defendant failed to take the necessary precautions to protect lawful visitors on the Premises, including Plaintiff; and

l.    defendant failed to warn customers, including Plaintiff, of the dangerous nature of the Garage Door.

14.    As a direct and proximate result of Defendant's negligence and carelessness, Plaintiff sustained the following severe injuries, some of which may be permanent in nature: cervical radiculopathy; cervical facet syndrome; cervical sprain/strain; cervicalgia; cervical spine segmental dysfunction; upper back pain; thoracic sprain/strain; thoracic facet syndrome; and other injuries directly resulting from the force of the Incident.

15.    All of the aforementioned injuries have caused Plaintiff severe pain and mental anguish, and some or all of these injuries, or the effects thereof, may be permanent in nature.

16.    As a further result of Defendant's negligence and carelessness, Plaintiff was compelled to expend, and will be obliged to expend in the future, large sums of money for medical treatment, x-rays, medication, physical therapy, and other treatment, all to her loss and damage.

17.    At the time of the Incident and to present, Plaintiff was and still is gainfully employed.  As a direct and proximate result of the injuries sustained by Plaintiff from this Incident, he has been unable to work for some period of time and when he was able to return to work, was forced to eliminate or modify certain duties of his employment, all to his loss and damage.  As a result, Plaintiff has sustained lost wages and other damages and his earning capacity has been impaired, which impairment may also be permanent.

18.    As a further result of Defendant's negligence and carelessness, Plaintiff's ability to enjoy some of life's activities and pleasures has been impaired, which impairment is or may be permanent.

**Second Count:  Negligence against UAG Fairfield CP, LLC, d/b/a Porsche of Fairfield**

1-18.    Paragraphs 1-18 are hereby incorporated by reference and made Paragraphs 1-18 of this, the Second Count.

4

19.     Defendants operated, controlled and maintained the Dealership in a careless and/or dangerous manner by failing to inspect, maintain and/or control the Garage Door.

20.     Upon information and belief, Defendants knew or should reasonably have known that the Garage Door was unsafe, was not maintained and/or was improperly maintained and was not properly inspected, despite having knowledge of its dangerous nature.

21.     The damages and injuries sustained by Plaintiff were caused by the carelessness and negligence of Defendant Porsche in one or more or all of the following ways:

   a.     defendant failed to properly maintain the Garage Door;

   b.     defendant failed to properly inspect the Garage Door;

   c.     defendant failed to properly secure the Garage Door;

   d.     defendant knew or should have known that the Garage Door was likely to abruptly dropped down but failed to take proper precautions;

   e.     defendant knew or should have known that the Garage Door was not operating properly;

   f.     defendant knew or should have known that the Garage Door had previously abruptly drop down previously;

   g.     defendant allowed or permitted said Garage Door to be in a defective condition for some period of time prior to the Incident;

   h.     defendant allowed or permitted said Garage Door to be and become dangerous for use;

   i.     defendant allowed the Garage Door to remain in a dangerous condition on the Premises for an unreasonable amount of time prior to the Incident, when a reasonable inspection would or should have uncovered its dangerous propensities;

5

j.     defendant failed to take the necessary precautions to protect lawful visitors on the Premises, including Plaintiff; and

k.     defendant failed to warn customers, including Plaintiff, of the dangerous nature of the Garage Door.

22.     As a direct and proximate result of Defendant's negligence and carelessness, Plaintiff sustained the following severe injuries, some of which may be permanent in nature: cervical radiculopathy; cervical facet syndrome; cervical sprain/strain; cervicalgia; cervical spine segmental dysfunction; upper back pain; thoracic sprain/strain; thoracic facet syndrome; anxiety and other injuries directly resulting from the force of the Incident.

23.     All of the aforementioned injuries have caused Plaintiff severe pain and mental anguish, and some or all of these injuries, or the effects thereof, may be permanent in nature.

24.     As a further result of Defendant's negligence and carelessness, Plaintiff was compelled to expend, and will be obliged to expend in the future, large sums of money for medical treatment, x-rays, medication, physical therapy, and other treatment, all to her loss and damage.

25.     At the time of the Incident and to present, Plaintiff was and still is gainfully employed. As a direct and proximate result of the injuries sustained by Plaintiff from this Incident, he has been unable to work for some period of time and when he was able to return to work, was forced to eliminate or modify certain duties of his employment, all to his loss and damage. As a result, Plaintiff has sustained lost wages and other damages and his earning capacity has been impaired, which impairment may also be permanent.

26.     As a further result of Defendant's negligence and carelessness, Plaintiff's ability to enjoy some of life's activities and pleasures has been impaired, which impairment is or may be permanent.

6

**Third Count:  Negligence against Car Uni CT Fair, LLC**

1-26.   Paragraphs 1-26 are hereby incorporated by reference and made Paragraphs 1-26 of this, the Third Count.

27.    The Landlord owned, controlled, maintained and had an inspection obligation relative to the Premises.

28.    Landlord allowed the Premises to be and remain in a dangerous condition without taking any steps to mitigate the risks, despite the fact that a reasonable inspection would or should have uncovered the above-mentioned dangerous conditions.

29.    The Landlord allowed the Defendants to operate the Dealership in a careless and/or dangerous manner by failing to inspect, maintain and/or control the Garage Door.

30.    The damages and injuries sustained by Plaintiff were caused by the carelessness and negligence of Landlord in one or more or all of the following ways:

    a.  defendant failed to properly maintain the Garage Door;

    b.  defendant failed to properly inspect the Garage Door;

    c.  defendant failed to properly secure the Garage Door;

    d.  defendant failed to perform or performed an inadequate inspection sufficient to identify the above-mentioned dangerous condition;

    e.  defendant allowed or permitted said Garage Door to be in a defective condition; and

    f.  defendant failed to adequately safe guard customers who were properly and lawfully on the Premises, including Plaintiff.

31.    As a direct and proximate result of Landlord's negligence and carelessness, Plaintiff sustained the following severe injuries, some of which may be permanent in nature: cervical radiculopathy; cervical facet syndrome; cervical sprain/strain; cervicalgia; cervical spine

segmental dysfunction; upper back pain; thoracic sprain/strain; thoracic facet syndrome; anxiety and other injuries directly resulting from the force of the Incident.

32.     All of the aforementioned injuries have caused Plaintiff severe pain and mental anguish, and some or all of these injuries, or the effects thereof, may be permanent in nature.

33.     As a further result of Defendant's negligence and carelessness, Plaintiff was compelled to expend, and will be obliged to expend in the future, large sums of money for medical treatment, x-rays, medication, physical therapy, and other treatment, all to her loss and damage.

34.     At the time of the Incident and to present, Plaintiff was and still is gainfully employed. As a direct and proximate result of the injuries sustained by Plaintiff from this Incident, he has been unable to work for some period of time and when he was able to return to work, was forced to eliminate or modify certain duties of his employment, all to his loss and damage. As a result, Plaintiff has sustained lost wages and other damages and his earning capacity has been impaired, which impairment may also be permanent.

35.     As a further result of Defendant's negligence and carelessness, Plaintiff's ability to enjoy some of life's activities and pleasures has been impaired, which impairment is or may be permanent.

**WHEREFORE**, Plaintiff Jurandir Desouza seeks a judgment of monetary damages as allowed by law and such other and further relief as the Court deems just and appropriate as against Defendant Penske Automotive Group, Inc., UAG Fairfield CP, LLC, d/b/a Porsche of Fairfield and Car Uni CT Fair, LLC.

Dated: February 22, 2019               SCHNITZLER LAW, LLC
       Fairfield, Connecticut

By: _____
       Mark J. Schnitzler, Esq.
       1300 Post Road, Suite 209
       Fairfield, CT 06824
       Telephone: (203) 692-4600
       Facsimile: (203) 692-4607
       E-Mail: mark@schnitzlerlaw.com
       *Attorneys for Plaintiff*

RETURNN DATE: MARCH 12, 2019
------------------------------------------------------------------X

| | | |
|---|---|---|
| JURANDIR DESOUZA, | : | SUPERIOR COURT |
| | : | |
| Plaintiff, | : | JUDICIAL DISTRICT OF |
| | : | FAIRFIELD |
| v. | : | |
| | : | AT BRIDGEPORT |
| PENSKE AUTOMOTIVE GROUP, INC., UAG | : | |
| FAIRFIELD CP, LLC d/b/a PORSCHE OF FAIRFIELD, | : | |
| and CAR UNI CT FAIR, LLC | : | FEBRUARY 22, 2019 |
| | : | |
| Defendants. | : | |

------------------------------------------------------------------X

## <u>STATEMENT OF AMOUNT IN DEMAND</u>

The amount, legal interest or property in demand is more than $15,000, exclusive of interest

and costs.

Dated: February 22, 2019
   Fairfield, Connecticut

SCHNITZLER LAW, LLC

By: _____
  Mark J. Schnitzler, Esq.
  1300 Post Road, Suite 209
  Fairfield, CT 06824
  Telephone: (203) 692-4600
  Facsimile: (203) 692-4607
  E-Mail: mark@schnitzlerlaw.com
  *Attorneys for Plaintiff*

# EXHIBIT B

**State of Connecticut Judicial Branch**
# Superior Court E-Filing



E-Services Home
-
E-Services Inbox (18)
-
**Superior Court E-Filing**
  Civil/Family
  Housing
  Small Claims
-
E-File a New Case
-
E-File on an
Existing Case
  By Docket Number
  By Party Name
  List My Cases
-
**Court Events**
  By Date
  By Juris Number
  By Docket Number
-
**Short Calendars**
  Markings Entry
  Markings History
  My Short Calendars
  By Court Location 🗗
  Calendar Notices 🗗
-
My Shopping Cart (0)
My E-Filed Items
-
Pending
Foreclosure Sales 🗗
-
Search By Property Address
-

** E-Filing is experiencing technical issues. We are working to resolve this as quickly as possible. **

**Attorney/Firm:** CARLTON FIELDS P.C. (420124)                **E-Mail:** harecf@cfdom.net   Logout

🗗 **FBT-CV19-6083870-S** DE SOUZA, JURANDIR v. PENSKE AUTOMOTIVE GROUP, INC. Et Al
**Prefix:** FB5        **Case Type:** T03        **File Date:** 03/06/2019        **Return Date:** 03/12/2019

| Case Detail | Notices | History | Scheduled Court Dates | Help Manual |

To receive an email when there is activity on this case, click here.🗗

Select Case Activity:  [ E-File a Pleading or Motion ▾ ]  Go

Information updated as of: 03/28/2019

| Case Information |
| --- |

|  |  |
| --- | --- |
| **Case Type:** | T03 - Torts - Defective Premises - Private - Other |
| **Court Location:** | Bridgeport JD |
| **List Type:** | No List Type |
| **Trial List Claim:** | |
| **Last Action Date:** | 03/26/2019  (The "last action date" is the date the information was entered in the system) |

| Disposition Information |
| --- |

|  |  |
| --- | --- |
| **Disposition Date:** | |
| **Disposition:** | |
| **Judge or Magistrate:** | |

| Party & Appearance Information |
| --- |

| Party | No Fee Party | Party Category | Party Type |
| --- | --- | --- | --- |
| **P-01   JURANDIR DE SOUZA** | | Plaintiff | Person |
|     **Attorney:** 🗗 SCHNITZLER LAW LLC (439784)  File Date: 03/06/2019<br>1300 POST ROAD<br>SUITE 209<br>FAIRFIELD, CT 06824 | | | |
| **D-01   PENSKE AUTOMOTIVE GROUP, INC.** | | Defendant | Firm or Corporation |
|     **Attorney:** 🗗 CARLTON FIELDS P.C. (420124)  File Date: 03/14/2019<br>❗NEW  ONE STATE STREET<br>SUITE 1800<br>HARTFORD, CT 06103 | | | |
| **D-02   UAG FAIRFIELD CP, LLC D/B/A PORSCHE OF FAIRFIELD** | | Defendant | Firm or Corporation |
|     **Attorney:** 🗗 CARLTON FIELDS P.C. (420124)  File Date: 03/14/2019<br>❗NEW  ONE STATE STREET<br>SUITE 1800<br>HARTFORD, CT 06103 | | | |
| **D-03   CAR UNI CT FAIR, LLC** | | Defendant | Firm or Corporation |
|     **Attorney:** 🗗 CARLTON FIELDS P.C. (420124)  File Date: 03/14/2019<br>❗NEW  ONE STATE STREET<br>SUITE 1800<br>HARTFORD, CT 06103 | | | |

Viewing Documents on Civil, Housing and Small Claims Cases:

If there is an 🖅 in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.
- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*
- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*
- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*
- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

| Entry No | File Date | Filed By | Description | Arguable |
|---|---|---|---|---|
| | | | **Motions / Pleadings / Documents / Case Status** | |
| | 03/06/2019 | P | **SUMMONS** 🗒 | |
| | 03/06/2019 | P | **COMPLAINT** 🗒 | |
| | 03/14/2019 | D | **APPEARANCE** 🗒 ❗NEW | |
| | | | Appearance | |
| 100.30 | 03/06/2019 | P | **RETURN OF SERVICE** 🗒 | No |
| 101.00 | 03/27/2019 | P | **NOTICE** 🗒 ❗NEW | No |
| | | | Notice of Service of Interrogatories and Request for Production to Deft. Penske | |
| 102.00 | 03/27/2019 | P | **NOTICE** 🗒 ❗NEW | No |
| | | | Notice of Service of Interrogatories and Request for Production to Deft. Porsche | |

| # | Date | Time | Event Description | Status |
|---|---|---|---|---|
| | | | **Scheduled Court Dates as of 03/27/2019** | |
| | | | **FBT-CV19-6083870-S - DE SOUZA, JURANDIR v. PENSKE AUTOMOTIVE GROUP, INC. Et Al** | |
| | | | No Events Scheduled | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed.  To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar and Family Support Magistrate Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

All matters on a family support magistrate calendar are presumed ready to go forward.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil 🖅 or family 🖅 standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars and Family Support Magistrate Calendars by going to the Civil/Family Case Look-Up 🖅 page and Short Calendars By Juris Number 🖅 or By Court Location 🖅.

Periodic changes to terminology that do not affect the status of the case may be made.
This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period

of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Copyright © 2019, State of Connecticut Judicial Branch

# EXHIBIT C

DOCKET NO.  FBT-CV-19-6083870-S    :    SUPERIOR COURT
                                   :
JURANDIR DESOUZA                   :    J.D. OF FAIRFIELD
                                   :
V.                                 :    AT BRIDGEPORT
                                   :
PENSKE AUTOMOTIVE GROUP, INC.;     :
UAG FAIRFIELD CP, LLC d/b/a PORSCHE :   MARCH 28, 2019
OF FAIRFIELD, and CAR UNI CT FAIR, LLC :

## NOTICE OF FILING OF PETITION FOR REMOVAL

TO THE JUDGES AND CLERK OF THE SUPERIOR COURT IN THE JUDICIAL DISTRICT OF FAIRFIELD AT BRIDGEPORT IN THE STATE OF CONNECTICUT, WITHIN; AND TO ALL PARTIES TO THE ACTION HEREIN:

PLEASE TAKE NOTICE that the Defendants, Penske Automotive Group, Inc., UAG Fairfield CP, LLC d/b/a Porsche of Fairfield, and Car Uni CT Fair, LLC, are filing a Petition for Removal of this action in the United States District Court for the District of Connecticut on March 28, 2019, pursuant to the provisions of 28 U.S.C. §§ 1332 and 1446.  You are advised to take no further action herein.

This notice of filing of petition is filed and served pursuant to 28 U.S.C. § 1446.

PENSKE AUTOMOTIVE GROUP, INC.,
UAG FAIRFIELD CP, LLC D/B/A PORSCHE
OF FAIRFIELD, AND CAR UNI CT FAIR, LLC

By: */s/ John C. Pitblado*
James M. Sconzo
John C. Pitblado
Jillian R. Orticelli
CARLTON FIELDS, P.C.
One State Street, Suite 1800
Hartford, CT  06103-3102
Telephone:(860) 392-5000
Facsimile: (860) 392-5058
E-mail:    jsconzo@carltonfields.com
           jpitblado@carltonfields.com
           jorticelli@carltonfields.com
Juris No. 420124

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of March, 2019, a copy of the foregoing was served

by first class mail, postage prepaid, upon the following counsel of record:

SCHNITZLER LAW LLC (439784)
1300 POST ROAD
SUITE 209
FAIRFIELD, CT 06824

*/s/ John C. Pitblado*
John C. Pitblado